UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORRAINE SMITH, | ) | CASE NO. 1:10-CV-2849 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE MCHARGH |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This case is before the undersigned pursuant to Local Rule. The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Lorraine Smith's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court recommends that the decision of the Commissioner be AFFIRMED.

I. INTRODUCTION & PROCEDURAL HISTORY

In November 2006, Lorraine Smith ("Plaintiff" or "Smith") protectively filed an application for Supplemental Security Income benefits. (Tr. 103-05, 140). Plaintiff alleged that she became disabled as of September 25, 2006, due to suffering from arthritis in her back and stomach problems. (Tr. 103, 146). Smith's application was denied initially and upon reconsideration. (Tr. 71-73, 76-78). Thereafter, Smith requested a hearing by an administrative law judge to contest the denial of her application. (Tr. 79). Accordingly, on May 7, 2009, the Social Security Administration granted Plaintiff's request for a hearing. (Tr. 83-86).

On June 23, 2009, Administrative Law Judge Carol A. Baumerich (the "ALJ" or "ALJ Baumerich"), convened a hearing to consider Plaintiff's application for benefits. (Tr. 20-57). Smith appeared at the hearing with counsel and testified before ALJ Baumerich. (*Id*.) Vocational expert, Ted Macy, also appeared at the proceeding and testified. (*Id*.)

On August 25, 2009, ALJ Baumerich issued her unfavorable ruling concluding that Plaintiff was not disabled under the Social Security Regulations. (Tr. 9-19). In the decision, ALJ Baumerich applied the five-step sequential analysis,[1] and determined that Smith retained the ability to perform jobs which existed in significant numbers in the national economy. (*Id*.) Plaintiff sought review of the ALJ's decision from the Appeals Council, but it denied her request, thereby making ALJ Baumerich's decision the final decision of the Commissioner. (Tr.

---

[1] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

5, 1-3). Smith now seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 1383(c).

Smith, born on August 30, 1950, was fifty-eight years old on the date of the hearing. (Tr. 58, 26). Accordingly, she is considered as a "person of advanced age" for Social Security purposes. *See* 20 C.F.R. § 416.963(e). She attended special education classes throughout school and earned her high school diploma. (Tr. 43-44). Smith also has past experience working as a cleaner in the Cleveland Municipal School District. (Tr. 49).

## II. ALJ BAUMERICH'S RULING

Following the completion of the administrative hearing and her review of the record, ALJ Baumerich ruled that Plaintiff was not disabled. (Tr. 9-19). At step one, the ALJ found that Smith had not engaged in substantial gainful activity since November 3, 2006, the date she applied for benefits. (Tr. 11). At step two, ALJ Baumerich held that Plaintiff had two severe impairments: depressive disorder nos with anxiety symptoms and borderline intellectual functioning. (*Id.*) The ALJ ruled that Plaintiff's remaining ailments were non-severe. (Tr. 11-12). Subsequently, at step three, ALJ Baumerich determined that neither of Plaintiff's severe impairments met or equaled one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12). Before moving to the next step in the analysis, ALJ Baumerich assessed Smith's residual functional capacity ("RFC") to work. (Tr. 14-18). The ALJ held that Plaintiff retained the RFC to "perform a full range of work at all exertional levels but with [certain] nonexertional limitations". (Tr. 14). Therefore, at step four, the ALJ concluded that Smith was capable of performing her past relevant work as a cleaner. (Tr. 18-19). The ALJ also ruled that Plaintiff retained the ability to work as a bench assembler, wire worker, or as a final assembler. (Tr. 19).

### III.  DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when she establishes disability within the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423, 1381.  A claimant is considered disabled when she cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV.  STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards.  *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)*; Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence.  *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed*.  Id.*  The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)*; Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  This Court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  *See Garner*, 745 F.2d at 387.  However, it may examine all the evidence

4

in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Smith challenges the ALJ's decision on one ground. Smith maintains that there is ample evidence in the record documenting her history of back pain, and that the ALJ committed reversible error when she found that Smith did not suffer from any severe *physical* impairment. Plaintiff also alleges that the ALJ's failure to find any severe physical impairment consequently led the ALJ to omit any exertional limits on Plaintiff's ability to work. In a footnote, Plaintiff emphasized the importance of the ALJ's finding at step two by noting that under application of the Medical-Vocational Guidelines, the ALJ would have been directed to find that Plaintiff was disabled had the ALJ ruled that "the heaviest work [Smith] was capable of performing was 'light' work". (Pl.'s Br. at 13) (*citing* Tr. 49-50).

The second step in the sequential analysis, determining whether the claimant suffers from any severe impairment, is used as a screening tool, permitting ALJs to dismiss "totally groundless" claims from a medical standpoint at an early stage in the analysis. *Higgs v. Bowen, 880 F.2d 860, 863* (6th Cir. 1988). At this step, the claimant must show that she has an impairment which significantly interferes with her ability to do basic work activities. *See 20 C.F.R. § 404.1520(c)*. It is well-established that the ALJ's ruling here is viewed under a de minimis standard. *Salmi v. Sec'y of Health & Human Servs., 774 F.2d 685, 691-92 (6th Cir. 1985)*; *Childrey v. Chater, 91 F.3d 143 (6th Cir. 1996) (Table)* Accordingly, a claimant's impairment will only be construed as non-severe when it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's

5

ability to work irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (*citing Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). Nevertheless, an ALJ's error at this step will not always constitute reversible error. Remand is not necessary, despite an ALJ's failure to list one of the claimant's impairments as severe, so long as the ALJ finds that the claimant suffers from at least one severe impairment and continues to evaluate both the claimant's severe and non-severe impairments during the latter steps in the sequential analysis. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) ("And when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does 'not constitute reversible error.'") (*citing Maziarz*, 837 F.2d at 244).

Smith asks the Court to order remand due to ALJ Baumerich's failure to find that her back pain was a severe impairment, but the rule announced in *Maziarz* precludes the undersigned from remanding the case on this basis. At step two, ALJ Baumerich found that Plaintiff's depressive disorder and borderline intellectual functioning both qualified as severe impairments. This finding compelled the ALJ to proceed to the remaining steps in the analysis. During the ALJ's consideration of Smith's impairments at the latter stages, the ALJ considered both Smith's severe and non-severe impairments. Notably, ALJ Baumerich's discussion of Plaintiff's RFC included a detailed overview of Smith's history of back, hip and leg pain. (Tr. 15-17). The ALJ also impliedly addressed Plaintiff's back pain in her consideration of whether Plaintiff could perform her past work as a cleaner. For example, the ALJ highlighted that Smith did not believe her impairments prevented her from working as a cleaner because in 2007 and 2008, she applied for cleaning positions with the school district. (Tr. 18). The ALJ also noted that in 2009

6

Plaintiff reported to her doctor that she was still cleaning her house and scrubbing her floors. Based on the Court's review of the ALJ's opinion, it is clear that the ALJ contemplated Plaintiff's back pain throughout all of the relevant stages of the evaluation process. Consequently, the ALJ's decision to exclude Plaintiff's physical impairments at step two does not necessitate remand. *Maziarz*, 837 F.2d at 244.

Next, Plaintiff purports that the ALJ's ruling at step two consequently led the ALJ to refrain from including any exertional limitations in Plaintiff's RFC. Yet, Plaintiff did not sufficiently explain how the ALJ's step two ruling necessarily tainted her RFC determination. Under the Social Security regulations, an ALJ's determination at step two is separate and distinct from the ALJ's assessment of a claimant's RFC. *See* 20 C.F.R. § 416.920(a)(4). As previously noted, the inquiry at step two is to determine whether the claimant suffers from a severe impairment. *Id*. at (a)(4)(ii). On the other hand, the ALJ's evaluation of the claimant's RFC is made just prior to the ALJ's consideration of the evidence at step four. *Id*. at (e). The RFC determination is based upon the ALJ's assessment of all of the claimant's impairments, severe and non-severe, and any related symptoms. 20 C.F.R. § 416.945; SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"). Therefore, ALJ Baumerich's step two finding did not automatically eliminate any exertional restrictions from her RFC determination.

To the extent that Plaintiff challenges the ALJ's RFC finding by suggesting that it should have included some type of restriction on the level of physical activity Plaintiff was capable of performing, the Court rejects Plaintiff's contention. At the outset, the Court notes that the ultimate responsibility for deciding a claimant's RFC lies with the ALJ. 20 C.F.R. § 416.927(e)(2). "The findings of the Commissioner are not subject to reversal merely because

7

there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (*citing* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001)) (alteration in original).

This circuit follows a two-step process in the evaluation of a claimant's subjective complaints of disabling pain. 20 C.F.R. § 416.929(a); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853-54 (6th Cir. 1986); *Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994). First, the ALJ must determine whether the claimant has an underlying medically determinable impairment which could reasonably be expected to produce the claimant's symptoms. *Rogers*, 486 F.3d at 247. Second, if such an impairment exists, then the ALJ must evaluate the intensity, persistence and limiting effects of the symptoms on the claimant's ability to work. *Id*. The ALJ should consider the following factors in evaluating the claimant's symptoms: the claimant's daily activities; the location, duration, frequency and intensity of the claimant's symptoms; any precipitating or aggravating factors; the type, dosage, effectiveness and side effects of any medication taken to alleviate the symptoms; treatment, other than medication, the claimant receives to relieve the pain; measures used by the claimant to relieve the symptoms; and statements from the claimant and the claimant's treating and examining physicians. *Id.*; *see Felisky*, 35 F.3d at 1039-40; *see also* SSR 96-7p.

In the instant case, the undersigned finds that ALJ Baumerich properly evaluated Smith's claims of disabling pain pursuant to this two-step process and reasonably found that it was not disabling, nor limited her physical exertional abilities. Although the ALJ found that Smith's impairments satisfied the first part of the two-step inquiry, at the second step, ALJ Baumerich

concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not credible to the extent [that] they [we]re inconsistent with [the ALJ's] residual functional capacity assessment." (Tr. 15). Plaintiff's argument largely recites her treatment for back pain and the complaints she made to her physicians regarding this pain. However, the ALJ was cognizant of this treatment and fully addressed each of the office visits Plaintiff points to in support of her argument, save one visit in February 2009.

The ALJ supplied sufficient reasons for discounting Plaintiff's complaints of disabling back pain. To begin, the ALJ noted that testing performed in January 2007, reflected that Smith's musculoskeletal and neurological systems were normal. (Tr. 15, 354, 404). The treatment notes also documented that the range of motion in her back was normal. (Tr. 354, 404). ALJ Baumerich found that by October 2007, Smith's doctors only observed minimal decreases in her lumbosacral range of motion, although she was later diagnosed with a lumbar sprain and degenerative joint disease of the lumbar sacral spine. (Tr. 15, 410, 413). Notwithstanding, the ALJ highlighted that Plaintiff's physician's recommended treatment consisted only of physical therapy and Tylenol for pain control. (Tr. 16, 413-414).

There were also contradictions noted within Plaintiff's medical record. ALJ Baumerich contrasted Plaintiff's statements to various doctors. For instance, on January 8, 2008, Plaintiff presented to the emergency room complaining of hip and leg pain. (Tr. 363-66). Smith stated that she was unable to walk on her toes due to pain. Emergency room physicians referred her to the Cleveland Clinic for rehabilitation. However, when Smith presented to the Cleveland Clinic on January 31, 2008, doctors observed that Plaintiff's heel and toe walk were normal. (Tr. 373). Furthermore, though Plaintiff complained that she experienced severe pain which was

9

exacerbated by bending and lifting, x-rays performed on her spine revealed normal results. (Tr. 371-73). Accordingly, Smith's physicians continued to treat her with Tylenol.

ALJ Baumerich further noted that he discredited the severity of Plaintiff's pain due to her inconsistent physical therapy treatment. Plaintiff's initial physical therapy session at the Cleveland Clinic's Spine Center was held on June 20, 2008, with physical therapist, Marleen Caldwell. (Tr. 442-45). During the session, Ms. Caldwell rated Plaintiff's lumbar spine movement loss as "severe" in the area of extension, "moderate" in the area of flexion, and "minimal" in the areas of right and left side-glide. (Tr. 443). However, Ms. Caldwell commented that Smith's potential for improvement was "good with compliance". (Tr. 444). Ms. Caldwell advised Smith to participate in physical therapy biweekly for three weeks. (*Id.*) Yet, as ALJ Baumerich noted, Plaintiff "failed to show on June 26, 2008, July 3, 2008, and July 10, 2008". (Tr. 17). The ALJ further observed that Plaintiff had failed to adhere to prescribed walking exercises and had missed appointments with one of her treating physicians. (Tr. 17, 433). Consequently, ALJ Baumerich reasonably concluded that Plaintiff's pain was not as severe as she alleged.

Next, ALJ Baumerich noted that Plaintiff's level of daily activity did not support any restrictions on her ability to work. Smith continued to complain of pain which was exacerbated by "bending backward, bending forward, lifting, sitting, standing, twisting and walking" between November 2008 and June 2009. (Tr. 425, 484, 495). In November 2008, Dr. Anantha Reddy commented that Plaintiff had general tenderness in her lower lumbar spine, although her heel and toe walk were normal. (Tr. 426). At that time, the doctor diagnosed Smith with chronic mechanical back pain status post suffering a fall at home which had aggravated her prior back pain. (*Id.*) Smith admitted that her pain was reduced by using muscle relaxants and physical

10

therapy.  (Tr. 425).  In spite of Smith's pain, Dr. Reddy noted that Plaintiff maintained regular activity levels and placed no restrictions on Plaintiff's exertional abilities.  (Tr. 425).  Smith presented to Dr. Reddy again in February and June of 2009 regarding her pain.  (Tr. 484, 495).  Yet, despite these complaints, Dr. Reddy continued to document Plaintiff's activity level as regular and that Smith was "unrestricted with respect to [activities of daily living] and mobility."  (*Id.*)  Dr. Reddy further confirmed that Smith's "[l]umbar range of motion [wa]s age appropriate, end range limited. . . [and that her] [s]pinal range of motion failed to precipitate pain."  (Tr. 485, 496).  Thus, Plaintiff's pain did not cause Dr. Reddy to place restrictions on Plaintiff's ability to work.

Finally, Plaintiff criticizes the ALJ's finding that Plaintiff was capable of lifting heavy weight.  Smith particularly objects to the ALJ's following statement:

> In terms of the claimant's alleged back pain, she related that her pain was produced by strenuous work in a symptoms report on April 22, 2006.  However, the evidence shows that the pain she described occurred while lifting a couch and moving furniture.  She indicated that she had sharp pain in her stomach every now and then and her symptoms occurred with lifting heavy objects.  However, in her function report, she indicated that she enjoyed watching television, fishing and playing video games.  She cooked and cleaned when necessary but indicated that she could not "carry heavy weight anymore".

(Tr. 15) (internal citations omitted).  Plaintiff attacks the above statement on two grounds.  First, Smith contends that the second sentence does not logically flow from the first sentence because the statement supports Smith's contention that she could not perform heavy work rather than detracting from it.  Second, Plaintiff argues that the remainder of the ALJ's statement bolsters her allegation that strenuous lifting caused her pain.  For example, her daily activities of watching television, fishing and playing video games do not undermine her allegations of experiencing pain when lifting heavy objects.

11

With regard to Plaintiff's first argument, the Court is unable to ascertain the ALJ's intent for referencing Plaintiff's actions of lifting and moving furniture in contrast to Plaintiff's allegations of pain in connection with performing strenuous activity. Likewise, it is not immediately apparent how the pain in Smith's stomach or participating in activities such as watching television, fishing or playing video games contradicted or negated her statement that she could no longer lift heavy weights. The Court notes that the Commissioner did not respond to these issues raised by Plaintiff, and the undersigned declines to speculate as to what the ALJ intended by making these statements. However, after reading the ALJ's entire opinion as a whole, it is evident that ALJ Baumerich discredited Plaintiff's statements regarding her abilities to perform even strenuous activities. And, as previously noted, the ALJ provided adequate reasons for discounting Plaintiff's allegations of pain and any corresponding restrictions caused by that pain. Consequently, these perceived flaws in the ALJ's written opinion are not sufficient to disaffirm the ALJ's ultimate decision.[2]

Given ALJ Baumerich's thorough explanation of why she found Plaintiff's pain to be incredible, and the evidence in the record supporting the ALJ's decision, the undersigned finds no reason to reverse the ALJ's ruling. The ALJ was under no obligation to limit Plaintiff's physical abilities after discrediting the severity of her back pain. Additionally, the Court notes

---

[2]For the sake of argument, had the Court found that the ALJ erred in determining Plaintiff's physical RFC for work, the error would not have constituted reversible error because it did not harm Plaintiff. Even assuming *arguendo* that the ALJ should have placed some limitations on Plaintiff's physical capabilities, Plaintiff has not shown that she was incapable of performing "medium" level work as defined in 20 C.F.R. § 416.967(c). During the hearing, the VE testified that even if Smith were limited to "medium" work, she would still be capable of performing her past relevant work as a cleaner. (Tr. 53-54). Plaintiff did not present the Court with any evidence suggesting that she was limited to "light" work at most. Therefore, remanding the case for the ALJ to re-evaluate Plaintiff's RFC would be idle and futile.

that Plaintiff failed to present the ALJ or this Court with any medical opinion evidence from one of her physicians indicating that her back pain precluded her from performing certain work-related activities. Although Plaintiff purports that her back pain inhibits her ability to work, her statements are unsubstantiated by the record in light of the lack of any medical opinion evidence corroborating her statements. Furthermore, substantial evidence supports the ALJ's assessment of Plaintiff's pain and physical abilities. Regardless of whether there is evidence supporting some restrictions on Plaintiff's physical abilities, or if the undersigned may have evaluated Plaintiff's RFC differently, these factors do not constitute adequate grounds to disturb the ALJ's decision. *See McClanahan*, 474 F.3d at 833. Because the evidence of record supports ALJ Baumerich's determination, the Commissioner's decision must be affirmed.

## VI. DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner, ruling that Plaintiff was not disabled, is supported by substantial evidence. Accordingly, the Court recommends that the decision of the Commissioner be **AFFIRMED**.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: January 11, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).